

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
05/05/2009

| | | |
|---|---|---|
| IN RE: § | | |
| MARCO A. CANTU, *et al*, § | Case No. 08-70260 | |
| Debtor(s). § | | |
| § | Chapter 11 | |
| § | | |
| SAMPAYO CLIMACO Y ASOCIADOS § | | |
| DESPACHO JURIDICO § | | |
| INTERNACIONAL, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 08-07041 | |
| § | | |
| MARCO A. CANTU, § | | |
| Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED

For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion to Deem Matters Admitted (docket no. 43).

### Background

On March 12, 2009, Plaintiff Sampayo Climaco Y Asociados Despacho Juridico Internacional filed a Motion to Deem Matters Admitted, alleging that Defendant Marco A. Cantu inadequately admitted or denied 15[1] requests for admissions (docket no. 43). To the 15 requests at issue, Defendant answered: "Cannot either admit or deny" (docket no. 43-1). Plaintiff argues that these answers are evasive, nonresponsive, and improper. As a result, Plaintiff requests that the Court deem the 15 matters admitted pursuant to FED. R. CIV. P. 36 ("Rule 36"), as adopted by FED. R. BANKR. P. 7036.

On April 1, 2009, Defendant filed a Response to Plaintiff's Motion (docket no. 56). Defendant asserts that his answers to the 15 requests were made to the best of his knowledge

---
[1] The 15 requests at issue are Plaintiff's Request Nos. 1, 2, 3, 4, 5, 8, 12, 13, 16, 17, 18, 19, 22, 29, and 30.

after a reasonable inquiry and that the information available to him was insufficient to enable him to admit or deny. Defendant further explains that Plaintiff, Pablo Ramirez, and Idalia Plata are no longer his clients. As a result, he does not have access to their documents or files referenced in the 15 requests.[2]

## Analysis

"Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *Carney v. IRS*, 258 F.3d 415, 419 (5th Cir. 2001). It also provides for the requests of admissions of opinions about ultimate facts or applications of law to fact. FED. R. CIV. P. 36(a)(1)(A). "Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *Id.* (citing CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2254 (2d ed. 1994)). *See also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial.").

"The party to whom requests for admissions are directed has an affirmative duty to act." *Curtis v. State Farm Lloyds*, No. H-03-1025, 2004 U.S. Dist. LEXIS 29887, at *10 (S.D. Tex. Apr. 28, 2004). First, the responding party has the duty to timely respond or object, generally within 30 days. FED. R. CIV. P. 36(a)(3). Failure to timely respond or object results in the matter being admitted. FED. R. CIV. P. 36(a)(3).

Second, "[i]f a matter is not admitted, the answer must specifically deny or state in detail

---

[2] Both Plaintiff and Defendant refer to Defendant's answer to Plaintiff's Interrogatory #4 (docket no. 43-2) as evidence to further support their respective positions regarding this Motion. Plaintiff's Interrogatory #4 asked Defendant to provide the factual and evidentiary basis for any denial including the existence of the location and/or custody or control of any document or tangible material in support of his denial. The Court does not need to consider Defendant's answer to Interrogatory #4 because the question is whether Defendant's answers to Plaintiff's requests for admissions complied with FED. R. CIV. P. 36(a)(4). However, to the extent that Defendant's answer to Interrogatory #4 is illuminating, the Court has taken note of it.

why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6).

Plaintiff contends that Defendant has not discharged his duty of stating in detail why he cannot truthfully admit or deny the 15 requests for admissions at issue. The Court evaluates whether Defendant has adequately responded to Plaintiff's 15 requests by reviewing: (1) Defendant's original answers; (2) Defendant's first explanation in his Response which is that his original answers were made to the best of his knowledge after a reasonable inquiry and that the information available to him was insufficient to enable him to admit or deny; and (3) Defendant's second explanation in his Response which is that Plaintiff, Pablo Ramirez, and Idalia Plata are no longer his clients such that he does not have access to their documents or files referenced in the 15 requests.

Defendant's original answers to the 15 requests were "Cannot either admit or deny." Except for Request Nos. 12, 13, 16, and 18[3] which have to do with Defendant's ability to recall events, these original answers are insufficient. They do not comply with Rule 36's plain language requirement that Defendant "*state in detail why* . . . [he] cannot admit or deny." FED. R. CIV. P. 36(a)(4) (emphasis supplied); *Carney*, 258 F.3d at 420 (stating that 5th Circuit precedent applies "the plain language of Rule 36").

Defendant's first explanation in his Response is that his original answers were made to the best of his knowledge after a reasonable inquiry and that the information available to him

---

[3] Request No. 12 states: "At the time you accepted representation of [certain other clients], you knew that Carlos Sampayo was an attorney licensed in Mexico." Request No. 13 states: "At the time you accepted the representation of [Plaintiff], you knew that Carlos Sampayo was an attorney licensed in Mexico." Request No. 16 states: "At the time you accepted representation of [Plaintiff], you knew attorney Everardo Abrego had appeared as its attorney of record in [the underlying *Gutierrez* products liability case]." Request No. 18 states: "At the time you accepted representation of [Plaintiff], you knew that [Plaintiff] had not discharged Everardo Abrego in [the underlying *Gutierrez* products liability case]."

was insufficient to enable him to admit or deny the requests. This explanation tracks the language in Rule 36(a)(4), which states: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4).

In *Asea*, the 9th Circuit stated:

> "[A]n answer to a request for admission [does not] necessarily compl[y] with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him. The discovery process is subject to the overriding limitation of good faith. Callous disregard of discovery responsibilities cannot be condoned. . . . [P]ermitting a party to avoid admitting or denying a proper request for admission simply by tracking the language of Rule 36(a) would encourage additional abuse of the discovery process. Instead of making an evasive or meritless denial, which clearly would result in the matter being deemed admitted, a party could comply with the Rule merely by having his attorney submit the language of the Rule in response to the request.

*Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). "[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' if information 'readily obtainable' is sufficient to enable him to admit or deny the matter." *Id.* at 1247. "A party must show the information is not reasonably within its power to obtain." *U.S. v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996).

Of the 15 requests, Defendant's first explanation that his original answers were made to the best of his knowledge after a reasonable inquiry, and that the information available to him was insufficient to enable him to admit or deny is relevant to 11 requests: Request Nos. 1, 2, 3, 4, 5, 8, 17, 19, 22, 29, and 30.

1. Request No. 1 states: "You have entered into other fee referral agreements with [Plaintiff], its agents, employees or representatives on other cases prior to the underlying

[*Gutierrez]* products liability case."

2. Request No. 2 states: "You have entered into other fee referral agreements with other Mexican counsel, their agents, employees or representatives on other cases."

3. Request No. 3 states: "You have shared and/or split attorney fees with [Plaintiff] prior to [the underlying *Gutierrez* products liability case]."

4. Request No. 4 states: "You have shared and/or split attorney fees with [Plaintiff} in other cases subsequent to [the underlying *Gutierrez* products liability case]."

5. Request No. 5 states: "You have shared and/or split attorney fees with Mexican counsel in other cases."

6. Request No. 8 states: "You have accepted representation of other individuals in other lawsuits by referral from out-of-state counsel."

7. Request No. 17 states: "At the time you accepted representation of [Plaintiff], you did not seek or obtain a release of [Plaintiff] from Everado Abrego in [the underlying *Gutierrez* products liability case]."

8. Request No. 19 states: "At the time you accepted representation of Plaintiff, your office had already represented Pablo Ramirez and Idalia Plata with respect to their intervention for attorneys fees in [the underlying *Gutierrez* products liability case]."

9. Request No. 22 states: "You did not obtain a written waiver of conflict from Pablo Ramirez and Idalia Plata."

10. Request No. 29 states: "On or about June 2004 in [the underlying *Gutierrez* products liability case], you took possession of monies due and owing to [Plaintiff] from the Registry of the Court."

11. Request No. 30 states: "You deposited monies into one of your bank accounts that were due and owing to [Plaintiff] from the [underlying *Gutierrez* products liability case]."

With the exception of Request Nos. 17, 19, and 22, these requests deal with matters that relate to business, bank or court records that an attorney is expected to have or at least, to have access. The Court finds that Defendant has information readily obtainable by him to admit or deny these requests. As a result, the Court holds that despite Defendant's explanation, Defendant's answers to Request Nos. 1, 2, 3, 4, 5, 8, 29, and 30 are evasive and do not comply with Rule 36.

With respect to Request Nos. 17, 19, and 22, the Court also takes into account

Defendant's second explanation. Defendant's second explanation in his Response is that Plaintiff, Pablo Ramirez, and Idalia Plata are no longer his clients such that he does not have access to their documents or files. The Court finds that releases and written waivers are documents that could be turned over with clients' case files when they terminate representation. Retention agreements would not be turned over with case files, but the Court does not know whether a written retention agreement existed prior to the clients' termination. The Court will determine the actual facts at trial and finds that Defendant's explanations regarding Request Nos. 17, 19, and 22 are sufficiently plausible that these matters are not admitted.

Defendant's second explanation is also relevant to Request Nos. 1, 3, and 4, but is inadequate for the same reasons previously stated. The matters referenced in these requests relate to Defendant's internal business records that should not be affected by these clients' withdrawal of representation. Request Nos. 1, 3, and 4 do not even pertain to fee agreements in this case but to other business arrangements between the parties. The Court finds that this explanation is nonresponsive to Request Nos. 1, 3, and 4 and therefore, does not comply with Rule 36.

## Remedy

"On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6). The Court declines to use its discretion to order Defendant to file an amended answer. *Asea*, 669 F.2d at 1245 (holding that the court has discretion to order the appropriate remedy under Rule 36). First, Defendant's initial answers of "Cannot either admit or deny" are facially inadequate and do not comply with Rule 36. Second, the Court is treating Defendant's explanations in his Response as his amended answers. Ordering Defendant to formally file an amended answer

would be futile because Defendant has had the opportunity to explain his initial answers and has failed to do so adequately.

Of the 15 requests, the Court orders that Request Nos. 1, 2, 3, 4, 5, 8, 29, and 30 admitted. "Rule 36 requires substantial compliance." *U.S. v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996) (citing 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2252 (2d ed. 1994)). "[T]he function of the Court . . . under Rule 36 is to interpret and determine the sufficiency of the defendant's responses, 'rather than to attempt by order to coerce what the court might determine to be proper responses.'" *U.S. v. New Orleans Chapter*, 41 F.R.D. 33, 34 (E.D. La. 1966) (quoting *Dulansky v. Iowa-Ill. Gas & Elec. Co.*, 92 F.Supp. 118 (S.D. Iowa 1950)).

The Court recognizes:

> . . . [T]he harness of this result. The failure to [properly] respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure. In addition, the harshness is tempered by the availability of the motion to withdraw admissions . . . ."

*Carney*, 258 F.3d at 421 (quoting *U.S. v. Kasuboski*, 834 F.2d 1345, 1345 (7th Cir. 1987)). "For our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure." *Id.* at 422.

**Conclusion**

For the reasons set forth above, the Court orders that Request Nos. 1, 2, 3, 4, 5, 8, 29, and 30 admitted. Request Nos. 12, 13, 16, 17, 19, 18, and 22 are not admitted. The Court will issue a separate order.

SIGNED **May 4, 2009.**

                                                Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE