

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
05/08/2009

| | |
|---|---|
| IN RE: § | |
| MARCO A. CANTU, *et al*, § | Case No. 08-70260 |
|     Debtor(s). § | |
| § | Chapter 11 |
| § | |
| SAMPAYO CLIMACO Y ASOCIADOS § | |
| DESPACHO JURIDICO § | |
| INTERNACIONAL, § | |
|     Plaintiff(s) § | |
| § | |
| VS. § | Adversary No. 08-07041 |
| § | |
| MARCO A. CANTU, § | |
|     Defendant(s). § | Judge Isgur |

## MEMORANDUM OPINION DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

For the reasons stated below, the Court denies Defendant Marco A. Cantu's Second Motion for Summary Judgment (docket no. 48).

### 1. Jurisdiction

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### 2. Background

Plaintiff Sampayo Climaco Y Associados Despacho Juridico Inernacional filed this adversary proceeding to determine non-dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6). Plaintiff asserts claims against Defendant for breach of contract, breach of fiduciary duty, fraud in the inducement, common law fraud, civil conspiracy, and a violation of TEX. PENAL CODE § 32.46. Plaintiff's causes of action arise from Defendant's

failure to perform under an alleged oral attorney-client contract to split fees of $147,404.65 that were recovered in an underlying products liability case ("the Gutierrez matter"). Plaintiff requests damages, interest and attorney's fees, equitable rescission, exemplary and punitive damages, and court costs.

### 3. Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005). A genuine issue of material fact exists if the summary judgment evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004); *see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727 472-74 (3d ed. 1998).

At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact. *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson*, 379 F.3d at 305. Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *See Condrey*, 431 F.3d at 197.

At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *see MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

**4. Analysis**

Plaintiff bears the burden of proof at trial as to each element of every cause of action. Plaintiff's non-dischargeability claims are predicated on six causes of action: (1) breach of contract; (2) breach of fiduciary duty; (3) fraud in the inducement; (4) common law fraud; (5) civil conspiracy; and (6) a violation of TEX. PENAL CODE § 32.46. These causes of action derive from Plaintiff's allegation that it had an oral attorney-client contract with Defendant to split fees that were recovered in the Gutierrez matter.

Defendant contends that as a threshold matter, Plaintiff must show that there is a written attorney-client contract because the Statute of Frauds, TEX. R. CIV. P. 11 ("Rule 11"), and TEX.

DISCIPLINARY R. PROF'L CONDUCT R. 1.04 ("Rule 1.04") together bar enforcement of any oral attorney-client contract. Discovery has shown that there is no written attorney-client contract. As evidence, Defendant points to: (1) Plaintiff's answer to Defendant's Interrogatory #12; (2) Plaintiff's response to Defendant's Production Request #4; and (3) Plaintiff's answer to Defendant's Request for Admission #12.[1] As a result, Defendant's Second Motion for Summary Judgment seeks summary judgment on all of Plaintiff's causes of action.

### A. Statute of Frauds

The Statute of Frauds does not require all attorney-client contracts to be in writing. TEX. BUS. & COM. CODE ANN. § 26.01 (Vernon 2009). However, the Statute of Frauds may require such a contract to be writing if it is "not to be performed within one year from the date of making the agreement." TEX. BUS. & COM. CODE ANN. § 26.01(b)(6) (Vernon 2009). This is a question of law. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 149 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Generally, oral contracts that do not set the time for performance and do not indicate that they cannot be performed within one year are not within the Statute of Frauds. *Gano v. Jamail*, 678 S.W.2d 152, 153 (Tex. App.—Houston [14th Dist.] 1984, no pet.) (citing *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773 (Tex. 1974)). However,

> [t]he rule is applied differently . . . when the agreement, either by its terms or by the nature of the required acts, cannot be completed within a year of its making. If the evidence conclusively proves that the contract cannot be performed within a year, the oral contract violates the Statute of Frauds as a matter of law, and is therefore unenforceable.

---

[1] Subject to Plaintiff's objection that discovery requests were not timely served, Plaintiff responded to each of these discovery requests (docket nos. 48-3, 48-4, 48-5). Plaintiff answered "No" to Interrogatory #12, which states "Do you have in your possession, control, or custody a written contract with Defendant . . . or [his law firm] that you allege supports your cause of action alleged [sic] against [Defendant]?" Production Request #4 asked for "all written agreements or contracts between Plaintiff and [Defendant] and/or [his law firm]," to which Plaintiff responded he "is not in possession of any written or [sic] contract." Plaintiff admitted Request for Admission #12, which states "you never signed an agreement with [Defendant's law firm] for the collection of attorney fees in [the Gutierrez matter]."

*Id.* at 153-54.

In *Gano*, two lawyers had an oral partnership agreement whereby each owned a one-half interest in personal injury cases represented by the firm, no matter how long it took to conclude them. *Id.* at 154. Although no time limit was set in the agreement, the court found that: (1) most of the cases took more than one year to conclude; (2) "the oral agreement was to last until *all of the cases* signed up during the partnership were resolved"; and (3) "performance could not be completed within on year." *Id.* (emphasis supplied). The court concluded that "the extrinsic evidence and the very nature of the required acts compel us to conclude that full performance of this alleged oral partnership agreement could not be completed within one year," and was "therefore unenforceable under the Statute of Frauds." *Id.*

In this case, Carlos Sampayo swears that the alleged oral attorney-client contract did not specify the time of performance. He and Defendant never discussed such terms and never indicated that performance within one year was impossible. As a result, Plaintiff contends that the alleged oral attorney-client contract does not offend the Statute of Frauds.

Defendant does not offer any other evidence besides Plaintiff's discovery responses that show there is no written attorney-client contract. Defendant has not shown that performance was of a type or nature that requires more than one year's time so that the Statute of Frauds apply.

Because Plaintiff has raised a genuine issue of material fact, the Court denies Defendant's Second Motion for Summary Judgment on the basis of the Statute of Frauds.

### B. Rule 11 of the Texas Rules of Civil Procedure

Though Rule 11 is entitled "Agreements To Be In Writing," it governs settlement agreements only and not agreements in general. TEX. R. CIV. P. 11; *see Compania Financiara Libano v. Simmons*, 53 S.W.3d 365, 368 (Tex. 2001); *Cantu v. Moore*, 90 S.W.3d 821, 824 (Tex.

App.—San Antonio 2002, pet denied). Rule 11 states, "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11.

Rule 11 is inapplicable to attorney-client contracts. Defendant's argument that Rule 11 bars enforcement of Plaintiff's alleged attorney-client contract with Defendant is meritless.

### C. Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct

Defendant claims that because there is no written attorney-client contract, Plaintiff is barred from recovering its award in the Gutierrez matter under Rule 1.04(d). Rule 1.04(d) states:

> A fee may be contingent on the outcome of a matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (c) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined.

TEX. DISCIPLINARY R. PROF'L CONDUCT R. 1.04(d). Though Rule 1.04(d) requires that a contingency fee agreement be in writing, Defendant's application of the Rule is meritless.

Rule 1.04(d) would determine how Defendant could have recovered *his* attorney's fees for representing Plaintiff on a contingent fee basis in the Gutierrez matter. TEX. DISCIPLINARY R. PROF'L CONDUCT R. 1.04(d); *see Mercier v. Southwestern Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 777 (Tex. App.—Corpus Christi 2007, no pet.) (citing Rule 1.04(d) in whether to award an attorney contingent attorney's fees); *Ray v. T.D.*, 2008 Tex. App. LEXIS 986, at *22 (Austin Feb. 7, 2008, no pet.) (evaluating Rule 1.04(d) in whether to award an attorney contingent attorney's fees). Simply because Plaintiff is a law firm does not mean that Plaintiff's request for damages in this adversary proceeding is a request for contingent attorney's fees. To clarify, Plaintiff is suing Defendant for Plaintiff's award of attorney's fees in the Gutierrez matter because Defendant is alleged to not have turned over Plaintiff's award. Rule 1.04 does not apply

regardless of the fact that Plaintiff's award in the Gutierrez matter was for Plaintiff's attorney's fees.

## 5. Conclusion

For the reasons stated above, the Court denies Defendant's Second Motion for Summary Judgment because Defendant has not met his burden of proof. The Court will issue a separate order.

SIGNED **May 8, 2009.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE